Paul Swenson Prior, Esq.
Nevada Bar No. 9324
Bradley T. Austin, Esq.
Nevada Bar No. 13064
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: sprior@swlaw.com
        baustin@swlaw.com

*Attorneys for Defendant Equifax Information Services LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL PETERSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., et al.,<br><br>                    Defendants. | Case No. 2:15-cv-01274-APG-GWF<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

        Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

        In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

        In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

        1.        In responding to Paragraph 1, Equifax states that the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), speaks for itself and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

2.      Equifax, incorrectly referred to in this Paragraph as "Equifax Informational Services, LLC," admits that Plaintiff, by his attorneys, purports to bring this action to challenge alleged actions of Defendants.  Equifax denies the allegations in Paragraph 2 as they pertain to Equifax, and denies that Plaintiff is entitled to any damages.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5.      Equifax denies that it violated the statute either specifically or in its entirety. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies those allegations.

6.      Equifax denies the allegations in Paragraph 6 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies those allegations.

7.      Equifax denies the allegations in Paragraph 7 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies those allegations.

8.      Equifax denies the allegations in Paragraph 8 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies those allegations.

9.      To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction. Equifax denies Plaintiff's entitlement to any relief.

10.      Equifax admits that Plaintiff purports to bring this action for alleged violations of the FCRA, but denies any liability on the part of Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies those allegations.

11.     Equifax admits it conducts business in Nevada.   To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction. Equifax denies Plaintiff's entitlement to any relief. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those allegations.

12.     Equifax admits it has a registered agent of service in Nevada, and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies those allegations.

13.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19.     Equifax admits the allegations in Paragraph 19.

20.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies those allegations.

21.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

22.     Equifax admits the allegations in Paragraph 22 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

23.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28.     Equifax admits the allegations in Paragraph 28 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies those allegations.

29.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

35.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies those allegations.

37.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies those allegations.

40.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies those allegations.

41.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies those allegations.

44.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies those allegations.

45.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies those allegations.

46.     Equifax admits that it received a dispute from Plaintiff dated on or about May 14, 2015, the contents of which speak for itself.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

47.     In responding to Paragraph 47, Equifax states that Plaintiff's letter speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

48.     In responding to Paragraph 48, Equifax states that Plaintiff's letter speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

49.     Equifax admits that it notified Midland of Plaintiff's dispute.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, therefore, denies those allegations.

50.     This paragraph appears to contain a statement of law.  To the extent Plaintiff mischaracterizes or misstates the law, Equifax denies the allegations in Paragraph 50 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, therefore, denies those allegations.

51.     Equifax admits allegations in Paragraph 51.

52.     Equifax denies the allegations in Paragraph 52 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, therefore, denies those allegations.

53.     Equifax admits that it did not remove all Midland information after the reinvestigation referenced in Paragraph 54 below.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, therefore, denies those allegations.

54.     In responding to Paragraph 54, Equifax admits it provided the results of its reinvestigation, which speak for themselves.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, therefore, denies those allegations.

55.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

56.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies those allegations.

57.     Equifax denies the allegations in Paragraph 57 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, therefore, denies those allegations.

58.     Equifax denies the allegations in Paragraph 58 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and, therefore, denies those allegations.

59.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies those allegations.

61.     Equifax denies the allegations in Paragraph 61 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and, therefore, denies those allegations.

62.     Equifax denies the allegations in Paragraph 62 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, therefore, denies those allegations.

63.     Equifax denies the allegations in Paragraph 63 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, therefore, denies those allegations.

64.     Equifax denies the allegations in Paragraph 64 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and, therefore, denies those allegations.

65.     Equifax denies the allegations in Paragraph 65 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

66.     Equifax denies the allegations in Paragraph 66 as they pertain to it.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, therefore, denies those allegations.

67.     Equifax denies the allegations in Paragraph 67 as they pertain to it.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and, therefore, denies those allegations.

68.     Equifax denies the allegations in Paragraph 68 as they pertain to it.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, therefore, denies those allegations.

69.     Equifax denies that Plaintiff is entitled to any relief claimed in his Complaint.

70.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies those allegations.

71.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies those allegations.

72.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies those allegations.

73.     Equifax admits that it received a dispute from Plaintiff dated on or about May 14, 2015, the contents of which speak for itself.   Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, therefore, denies those allegations.

74.     In responding to Paragraph 74, Equifax states that Plaintiff's letter speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

75.     In responding to Paragraph 75, Equifax states that Plaintiff's letter speaks for itself, and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.

76.     Equifax admits that it timely notified Zions of Plaintiff's dispute.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and, therefore, denies those allegations.

77.     This paragraph appears to contain a statement of law.  To the extent Plaintiff mischaracterizes or misstates the law, Equifax denies the allegations in Paragraph 77 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and, therefore, denies those allegations.

78.     Equifax admits the allegations in Paragraph 78.

79.     Equifax denies the allegations in Paragraph 79 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and, therefore, denies those allegations.

80.     Equifax admits that it did not remove the Zions information after the reinvestigation referenced in Paragraph 81 below.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and, therefore, denies those allegations.

81.     In responding to Paragraph 81, Equifax admits it provided the results of its reinvestigation, which speak for themselves.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and, therefore, denies those allegations.

82.     Equifax denies the allegations in Paragraph 82 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and, therefore, denies those allegations.

83.     Equifax denies the allegations in Paragraph 83 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, therefore, denies those allegations.

84.     Equifax denies the allegations in Paragraph 84 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

85. Equifax denies the allegations in Paragraph 85 as they pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and, therefore, denies those allegations.

86. Equifax denies the allegations in Paragraph 86 as they pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and, therefore, denies those allegations.

87. Equifax denies the allegations in Paragraph 87 as they pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, therefore, denies those allegations.

88. Equifax denies the allegations in Paragraph 88 as they pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, therefore, denies those allegations.

89. Equifax denies the allegations in Paragraph 89 as they pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and, therefore, denies those allegations.

90. Equifax denies the allegations in Paragraph 90 as they pertain to it. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and, therefore, denies those allegations.

91. Equifax denies that Plaintiff is entitled to any relief claimed in his Complaint.

92. This paragraph does not appear to contain any allegations against Equifax. To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, denies those allegations.

93. This paragraph does not appear to contain any allegations against Equifax. To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, therefore, denies those allegations.

94.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, therefore, denies those allegations.

95.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, therefore, denies those allegations.

96.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies those allegations.

97.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, denies those allegations.

98.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, denies those allegations.

99.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies those allegations.

100.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies those allegations.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

101.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, therefore, denies those allegations.

102.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, therefore, denies those allegations.

103.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, therefore, denies those allegations.

104.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, therefore, denies those allegations.

105.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, therefore, denies those allegations.

106.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, therefore, denies those allegations.

107.     This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, therefore, denies those allegations.

108.    This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies those allegations.

109.    This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, denies those allegations.

110.    This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, denies those allegations.

111.    This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies those allegations.

112.    This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies those allegations.

113.    This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax denies that Plaintiff is entitled to any relief claimed in her Complaint.

[renumbering starts at 1 in Complaint]

1.    Equifax reasserts and re-alleges its responses and defenses in Paragraphs 1 through 113, as if fully set forth herein.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

2.      Equifax denies the allegations in this Paragraph 2 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 2 and, therefore, denies those allegations.

3.      Equifax denies the allegations in this Paragraph 3 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 3 and, therefore, denies those allegations.  Equifax denies that Plaintiff is entitled to any relief.

4.      Equifax denies the allegations in this Paragraph 4 as they pertain to it.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 4 and, therefore, denies those allegations.  Equifax denies that Plaintiff is entitled to any relief.

 [renumbering starts at 1 in Complaint]

1.      Equifax reasserts and re-alleges its responses and defenses in all the Paragraphs above, as if fully set forth herein.

2.      This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, denies those allegations.

3.      This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, denies those allegations.

4.      This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, denies those allegations.

5.      This paragraph does not appear to contain any allegations against Equifax.  To the extent this paragraph calls for a response from Equifax, Equifax is without knowledge or

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
2  therefore, denies those allegations.

3       6.      This paragraph does not appear to contain any allegations against Equifax.  To the
4  extent this paragraph calls for a response from Equifax, Equifax is without knowledge or
5  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
6  therefore, denies those allegations.

7       7.      This paragraph does not appear to contain any allegations against Equifax.  To the
8  extent this paragraph calls for a response from Equifax, Equifax is without knowledge or
9  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
10  therefore, denies those allegations.

11       8.      This paragraph does not appear to contain any allegations against Equifax.  To the
12  extent this paragraph calls for a response from Equifax, Equifax is without knowledge or
13  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
14  therefore, denies those allegations.

15       9.      This paragraph does not appear to contain any allegations against Equifax.  To the
16  extent this paragraph calls for a response from Equifax, Equifax is without knowledge or
17  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
18  therefore, denies those allegations.

19       10.     This paragraph does not appear to contain any allegations against Equifax.  To the
20  extent this paragraph calls for a response from Equifax, Equifax is without knowledge or
21  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
22  therefore, denies those allegations.  Equifax denies that Plaintiff is entitled to any relief.

23       11.     This paragraph does not appear to contain any allegations against Equifax.  To the
24  extent this paragraph calls for a response from Equifax, Equifax is without knowledge or
25  information sufficient to form a belief as to the truth of the allegations in this Paragraph and,
26  therefore, denies those allegations.  Equifax denies that Plaintiff is entitled to any relief.

27       12.     Equifax denies that Plaintiff is entitled to any relief requested in his Prayer for
28  Relief.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

13.     Equifax admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

14.     Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

15.     Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

### Sixth Defense

2      Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive

3   or statutory damages.

4

### Seventh Defense

5      Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional

6   protections mandated or provided by the United States Supreme Court in the following cases:

7   *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532

8   U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of*

9   *America v. Burr*, 551 U.S. 47 (2007).

10      Equifax reserves the right to have additional defenses that it learns through the course of

11   discovery.

12      **WHEREFORE**, having fully answered or otherwise responded to the allegations in

13   Plaintiff's Complaint, Equifax prays that:

14      (1)      Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs

15   taxed against Plaintiff;

16      (2)      Equifax be dismissed as a party to this action;

17      (3)      Equifax receive a trial by jury for all issues so triable;

18      (4)      Equifax recover such other and additional relief as the Court deems just and

19   appropriate.

20      Dated: July 29, 2015

21                           SNELL & WILMER L.L.P.

22                            */s/  Bradley T. Austin*

23                           Paul Swenson Prior
                           Bradley T. Austin

24                           3883 Howard Hughes Parkway, Suite 1100
                           Las Vegas, NV 89169

25                           *Attorneys for Defendant Equifax Inc.*

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** by the method indicated below:

| XXXXX | Electronic Service (CM/ECF) | _____ | Federal Express |
|---|---|---|---|
| _____ | U.S. Mail | _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission | _____ | Hand Delivery |
| _____ | Email Transmission | _____ | Overnight Mail |

and addressed to the following:

David H. Krieger
Haines & Krieger, LLC
8985 S. Eastern Avenue
Suite 130
Henderson, NV 89123
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiffs*

James A. Kohl
Howard & Howard Attorneys, PLLC
3800 Howard Hughes Parkway
Suite 1000
Las Vegas, NV 89169
jak@h2law.com
*Attorneys for Defendant Zions First National Bank*

DATED: July 29, 2015

*/s/ Maricris Williams*
An Employee of Snell & Wilmer L.L.P.

22199945

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 18 -